

JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LARA K. STRAUSS, Bar No. 222866
lstrauss@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER MENDOZA, an
individual, on behalf of himself, and
all other persons similarly situated,

Plaintiff,

v.

NORDSTROM, INC., a Washington
Corporation authorized to do
business in the State of California,
and DOES 1 through 100, Inclusive,

Defendants.

Case No. SACV10-00109-CJC(MLGx)

Orange County Superior Court
Case No. 30-2009 00330671

**NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332(D),
1441 AND 1446**

Class Action Fairness Act

Complaint Filed: December 22, 2009

TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF

CHRISTOPHER MENDOZA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Nordstrom, Inc. ("Nordstrom")

hereby removes the below referenced action from Superior Court of the State of

California for County of Orange to the United States District Court for the Central

District of California. Removal is based on 28 U.S.C. sections 1332(d) (the Class

Action Fairness Act), 1441, and 1446 on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1.    On December 22, 2009, Plaintiff Christopher Mendoza ("Plaintiff") filed

a putative class action complaint in the Superior Court of the State of California for

LITTLER MENDELSON
PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

NOTICE TO FED. COURT OF REMOVAL                    1.

the County of Orange entitled *Christopher Mendoza, an individual, on behalf of himself, and all other persons similarly situated v. Nordstrom, Inc., a Washington Corporation authorized to do business in the State of California, and DOES 1 through 100, Inclusive*, Case No. 30-2009 000330671  (hereinafter "the Complaint".)

2.      In his Complaint, Plaintiff alleges that he worked at Nordstrom as a non-exempt employee and seeks to represent two classes.  The first purported class is alleged to include non-exempt employees of Nordstrom employed in California who "worked seven or more consecutive days during the period commencing on the date that is within one year prior to the filing of this complaint through the present date, in violation of the applicable California Labor Code and Industrial Welfare Commission Wage Order Requirements" (referred to as "Class A").  (Complaint, ¶ 3(a).) The second alleged class includes non-exempt employees of Nordstrom employed in California who "worked a 'split shift' on any given day and who were not paid the 'split shift' compensation required pursuant to the applicable California Labor Code and Industrial Welfare Commission Wage Order Requirements during the period commencing on the date that is within four years prior to the filing of this complaint and through the present date" (referred to as "Class B"). (Complaint, ¶ 3(b).)

3.      Plaintiff's Complaint asserts the following five causes of action: (1) penalties pursuant to California Labor Code section 2699 for violation of Claiborne Labor Code sections 551 and 552; (2) unpaid split shift wages; (3) failure to itemize pay statements in violation of California Labor Code section 226; (4) failure to timely pay wages upon termination in violation of California Labor Code section 201, 202 and 203; and (5) unfair competition in violation of California Business and Professions Code section 17200 *et. seq.*

4.      True and correct copies of the Summons, Civil Case Cover Sheet, Complaint, Class Action/B&P Questionnaire, Complex Guidelines, Orange County Superior Court Notice of Case Assignment and Orange County Superior Court ADR

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

NOTICE TO FED. COURT OF REMOVAL                 2.

Information Package are attached hereto as Exhibit A. (Declaration of Lara K. Strauss ("Strauss Decl."), ¶ 2.)

5.    Plaintiff served Nordstrom with the documents attached as Exhibit A on December 24, 2009 by having a process server deliver the documents to CT Corporation, Nordstrom's agent for service of process.  A true and correct copy of CT Corporation's Service of Process Transmittal to Nordstrom is attached hereto as Exhibit B.  (Strauss Decl., ¶ 3.) Nordstrom answered the Complaint on January 25, 2010. A true and correct copy of the answer filed by Nordstrom is attached hereto as Exhibit C.  (Strauss Decl., ¶ 4.)

6.    No further proceedings regarding the lawsuit have been heard in the Orange County Superior Court.

## STATEMENT OF JURISDICTION AND VENUE

7.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  In relevant part, the CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446.  As set forth below, this case meets all of the CAFA's requirements for removal and is timely and properly removed by the filing of this notice.

8.    Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court.  *See* 28 U.S.C. § 1441(a).

## PURPORTED CLASS ACTION UNDER STATE LAW

9.    The CAFA defines a "class action" as any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute.  28 U.S.C. §

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FED. COURT OF REMOVAL          3.

1332(d)(1)(B).  Plaintiff has pled this action as a class action.  (Complaint, Caption and ¶¶ 3-6.)

## CITIZENSHIP

10.    During all relevant times, Plaintiff lived and worked in the State of California.  (Complaint, ¶¶ 3, 4.1.)  Plaintiff is therefore a citizen of the State of California.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is *prima facie* evidence of domicile for purposes of determining citizenship).

11.    Additionally, the Complaint alleges that the potential class includes all California residents who are current and former non-exempt employees of Nordstrom, who fall within Class A or Class B.  (Complaint, ¶¶ 3(a), (b).)  Because these individuals are residents of the State of California, they are also citizens of the State of California, like Plaintiff.

12.    A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The location of a corporation's executive and administration functions operate as a company's nerve center and principal place of business where a company, like Nordstrom, does not have a single state with operational predominance. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002); *Bretiman v. May Co. Cal,* 37 F.3d 562, 564 (9th Cir. 1994); *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862 (S.D. N.Y. 1959). Nordstrom is incorporated in the State of Washington, and its executive and administrative offices are located in Seattle, Washington.  (Declaration of Elisabeth Close ("Close Decl."), ¶ 2; Complaint, Caption)  Thus, Nordstrom was at the time of the filing of this action, and remains, a citizen of the State of Washington.

13.    Defendants Does 1 through 100, inclusive, are fictitious.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

NOTICE TO FED. COURT OF REMOVAL                4.

be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

14.   Accordingly, Plaintiff and the putative class members are citizens of a state different from Nordstrom.

## **AMOUNT IN CONTROVERSY**

15.   Although Plaintiff failed to specify the total amount of damages or other relief in controversy as to the putative class, that failure does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) ("[t]he defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy.  The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim.").  When the complaint does not specify the amount of damages sought, the removing defendant has to establish only that the claims alleged exceed the jurisdictional minimum by a preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

16.   Plaintiff asserts five causes of action on behalf of himself and the putative class: (1) penalties pursuant to California Labor Code section 2699 for violation of California Labor Code sections 551 and 552; (2) unpaid split shift wages; (3) penalties for failure to itemize pay statements in violation of California Labor Code section 226; (4) penalties for failure to timely pay wages upon termination in violation of California Labor Code section 201, 202 and 203; and (5) unfair competition in violation of California Business and Professions Code section 17200 *et. seq.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego  CA  92101-3577
619 232 0441

NOTICE TO FED. COURT OF REMOVAL                    5.

17.     Plaintiff seeks to represent all non-exempt employees of Nordstrom in California for either a one-year statute of limitations period (applicable to Class A) or a four-year statute of limitations period (applicable to Class B).  (Complaint ¶ 3(a), (b).)  That means that for the one-year statute of limitations period, the relevant period dates back to December 22, 2008.  For the four-year statute of limitations period, the relevant period dates back to December 22, 2005.  Plaintiff does not allege how many putative class members he believes are in Class A or Class B.

18.     While Nordstrom denies Plaintiff's claims of wrongdoing and denies that Plaintiff and the putative class are entitled to any relief, the Court must look to the allegations of Plaintiff's Complaint, which put more than $5 million at issue.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that facts presented in notice of removal, combined with Plaintiffs' allegations, were sufficient to support finding that jurisdictional limits satisfied).  Specifically:

a.     During each of the following periods, Nordstrom had the following numbers of non-exempt employees in California: (i) 14,312 as of January 15, 2006; (ii) 14,779 as of January 15, 2007; (iii) 13,964 as of January 15, 2008; and (iv) 11,826 as of January 15, 2009; (v) 12,536 as of January 15, 2010.  (Close Decl., ¶ 3.)  The average of those employee numbers equals 13,483.

b.     Plaintiff's first cause of action seeks penalties under the Private Attorneys General Act ("PAGA") for Nordstrom's alleged failure to provide all of its non-exempt employees in California with one day's rest in seven under California Labor Code sections 551-552.  (Complaint, ¶¶ 3(a), 13.2, 13.2, 14-23.)  The period at issue for the first cause of action, which involves Class A, dates back to December 22, 2008.  Plaintiff seeks penalties of either $100 per violation of California Labor Code sections 551-552 under California Labor Code section 2699 or penalties of $50 for each initial violation and $100 for each subsequent violation of California Labor Code sections 551-552 under California Labor Code section 558.  (Complaint, ¶ 19.)  Plaintiff alleges that Nordstrom required him and all other non-exempt employees in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W  Broadway
Suite 900
San Diego  CA  92101 3577
619 232 0441

Class A to work seven or ten consecutive days in violation of California Labor Code sections 551-552. (Complaint, ¶¶ 13.2, 19(c).)  By alleging the action as a proposed class action, Plaintiff asserts that his claims are typical of the class.  During the one-year statute of limitations period, which dates back to December 22, 2008, Plaintiff worked seven or more consecutive days on three occasions. (Complaint, ¶ 4.1(c).)  Plaintiff's alleged penalties for his first claim thus total $250 under California Labor Code section 558 or $300 under the PAGA.  Multiplying those figures by the 11,826 non-exempt employees Nordstrom had as of January 15, 2009 shows that the amount in controversy on Plaintiff's first cause of action is in the range of $2,956,500-$3,547,800.

  c. In his second and fifth causes of action, Plaintiff and the other members of Class B seek to recover one hour of pay at the minimum wage for every day that they worked a split shift.  (Complaint, ¶¶ 24-32.)  The Wage Orders define split shift to mean "[a] work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." *See* Cal. Code Regs., tit. 8, §§ 11070(2)(M), (4)(C).  During the period from December 22, 2005 to December 31, 2006, the California minimum wage was $6.75 per hour.  It increased to $7.50 per hour on January 1, 2007 and to $8.00 per hour on January 1, 2008. *See* Cal. Code Regs., tit. 8 § 11000(2), Cal. Lab. Code § 1182.12.  Plaintiff does not specify how many times he worked a split shift.  However, assuming that Plaintiff and the putative class members worked even just one split shift per calendar year, the split shift claim puts $406,379 in controversy on the actual damages for the second cause of action, which is one split shift premium of $6.75 times the 14,312 non-exempt employees working as of January 15, 2006 plus one split shift premium of $7.00 times the 14,779 non-exempt employees working as of January 15, 2007 plus one split shift premium of $8.00 times the 13,964 non-exempt employees working as of January 15, 2008 plus one split shift premium of $8.00 time the 11,826 non-exempt employees working as of January 15, 2009. If Plaintiff contends that he and other putative class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

1    members worked two split shift violations per calendar year, then the amount in

2    controversy for split shift premiums doubles to $812,758. Plaintiff also alleges

3    penalties for violations of the split shift provisions of the Wage Order in the amount of

4    $50 for each initial violation and $100 for each subsequent violation. (Complaint, ¶

5    30.) Applying just on year of penalties for calendar year 2009 only puts an additional

6    $591,300 in controversy for Plaintiff's second cause of action (11,826 non-exempt

7    employees employed as of January 15, 2009 times $50 per employee), bringing the

8    total amount in controversy on Plaintiff's second claim to $997,679.

9          d.      Plaintiff's third cause of action alleges that Nordstrom provided the Class

10    B employees with inaccurate itemized wage statements in violation of California

11    Labor Code section 226 because of the failure to pay split shift premiums.

12    (Complaint, ¶¶ 33-37.) Plaintiff and the putative class seek to recover penalties for

13    each inaccurate itemized wage statement that Nordstrom provided to Class B

14    employees, which amount to $50 for the first violation and $100 for each subsequent

15    violation up to the maximum limit of $4,000 per employee for penalties. (See id.);

16    Cal. Lab. Code § 226(e). Based on one split shift violation per year and taking only

17    one year of penalties, the amount in controversy on Plaintiff's third claim is $591,300

18    (11,826 non-exempt employees employed as of January 15, 2009 times $50 per

19    employee) at a minimum. If we assume two violations, then the penalties on the claim

20    would put over $1,773,900 in controversy ($150 for a first and subsequent violation

21    times the 11,826 non-exempt employees working for Nordstrom as of January 15,

22    2009).

23          e.      Plaintiff's fourth cause of action alleges that Nordstrom failed to pay all

24    wages due and owing to the members of Class B at the time of separation in violation

25    of California Labor Code sections 201-202. (Complaint, ¶¶ 38-40.) As a result,

26    Plaintiff seeks 30 days' waiting time penalties under Labor Code section 203 for

27    himself and the other members of Class B who separated during the one-year statute

28    of limitations period applicable to claims for waiting time penalties under California

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Labor Code section 203. (Id.) At the time of separation, Plaintiff was earning $11.50 per hour. (Close Decl., ¶ 5.) 30 days' of waiting time penalties for Plaintiff at a rate of eight hours per day equals $2,760. Assuming that 300 non-exempt employees of Nordstrom separated with the one-year window relevant to this claims puts an additional $828,000 in controversy.

   e.   Plaintiff also seek to recover attorneys' fees, thereby further increasing the amount in controversy in this action. (Complaint, ¶¶ 19, 32, 34(e), Prayer ¶ 8, 11, 13, 21.); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (recognizing that attorneys' fees provided by statute are properly including in evaluating the amount in controversy).

   19.   As a result, although Nordstrom denies Plaintiff's and the putative class members' claims of wrongdoing and denies that Plaintiff and the putative class are entitled to any monies, the facial allegations in Plaintiff's Complaint establish that the total amount of monetary relief sought by Plaintiff and the other class members significantly exceeds the requisite $5 million threshold, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

   20.   The CAFA applies to actions that were commenced on or after on February 18, 2005. Plaintiff filed this lawsuit on December 22, 2009, which means it commenced after February 18, 2005, as required by the CAFA.

   20.   This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Complaint upon Nordstrom. (Ex. B.)

## NOTICE TO PLAINTIFF

   21.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing has been served on Plaintiff's counsel of record: Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101. In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for Orange County Superior Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

NOTICE TO FED. COURT OF REMOVAL          9.

1  Having demonstrated that all requirements of the CAFA have been satisfied,

2  and having provided notice as required by law, the above-entitled action should be

3  removed from the Orange County Superior Court.

4

5  Dated:          January 25, 2010

6  _____
   JULIE A. DUNNE
7  LARA K. STRAUSS
   LITTLER MENDELSON
8  A Professional Corporation
   Attorneys for Defendant
9  NORDSTROM, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FED. COURT OF REMOVAL          10.

# EXHIBIT "A"

12/24/09  8:40 am

BY FAX

# SUMMONS
## (CITACION JUDICIAL)

FILED
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 24 2009

ALAN CARLSON, Clerk of the Court

BY:___R. VAVRA___ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NORDSTROM, INC., a Washington Corporation authorized to do
business in the State of California, and DOES 1 through 100,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTOPHER MENDOZA, an individual, on behalf of himself,
and all other persons similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Civil Complex West <br> 751 W. Santa Ana Blvd. <br> Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* <br> 30-2009 <br> 00330671 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laura M. Cotter
CLARK & MARKHAM LLP
600 B Street, Suite 2130, San Diego, CA 92101

JUDGE THIERRY PATRICK COLAW
DEPT. CX104

| | | |
|---|---|---|
| DATE: <br> *(Fecha):* | ALAN CARLSON Clerk, by <br> *(Secretario)* | RACHELLE VAVRA , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Nordstrom, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Laura M. Cotter (SBN 259445)<br>CLARK & MARKHAM LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO: (619) 239-1321   FAX NO: (619) 239-5888<br>ATTORNEY FOR (Name): Plaintiff Christopher Mendoza | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>DEC 22 2009<br>ALAN CARLSON, Clerk of the Court<br>BY: ___R. VAVRA___ , DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

CASE NAME: Mendoza v. Nordstrom, Inc., et al

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded be<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**30-2009**<br>**00330671**<br>JUDGE: JUDGE THIERRY PATRICK COLAW<br>DEPT. CX104 |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Five: Penalties, Split Shifts, Wage Stmts, Waiting Time, UCL
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 22, 2009

Laura M. Cotter
(TYPE OR PRINT NAME)                                  ► _Laura M Cotter_
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]    Martin Dean's ESSENTIAL FORMS™   **CIVIL CASE COVER SHEET**



David R. Markham (SBN 071814)
R. Craig Clark (SBN 129219)
James M. Treglio (SBN 228077)
Laura M. Cotter (SBN 259445)
**CLARK & MARKHAM LLP**
600 B Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile: (619) 239-5888

Attorneys for Plaintiff
CHRISTOPHER MENDOZA

FILED BY FAX
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 2 2 2009

ALAN CARLSON, Clerk of the Court

BY:_____ R. VAVRA _____DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

CHRISTOPHER MENDOZA, an individual, on behalf of himself, and all other persons similarly situated,

Plaintiff,

v.

NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California, and DOES 1 through 100, Inclusive

Defendants.

Case No.

**30-2009**

**00330671**

**CLASS AND REPRESENTATIVE ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF:**

**(1) PENALTIES PURSUANT TO CAL. LAB. CODE § 2699 FOR VIOLATION OF CAL. LAB. CODE §§ 551 AND 552;**

**(2) UNPAID SPLIT SHIFT WAGES;**

**(3) FAILURE TO ITEMIZE PAY STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;**

**(4) FAILURE TO TIMELY PAY WAGES UPON TERMINATION IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;**

**(5) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 et seq.**

**DEMAND FOR A JURY TRIAL**

JUDGE THIERRY PATRICK COLAW
DEPT. CX104

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Comes now Plaintiff CHRISTOPHER MENDOZA ("PLAINTIFF") who, on behalf of himself, and all persons similarly situated allege as follows:

This class/representative action is brought on behalf of all persons who held any hourly,

1

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE
RELIEF

1  non-exempt position while employed in the State of California by defendant NORDSTROM, INC.

2  (hereinafter "Nordstrom"). All allegations in this Complaint are based upon information and belief

3  except for those allegations which pertain to the PLAINTIFF named herein and his counsel. Each

4  allegation in this Complaint either has evidentiary support or is likely to have evidentiary support

5  after a reasonable opportunity for further investigation and discovery.

6                      **JURISDICTION AND VENUE**

7          1.      This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code

8  § 410.10. The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 et

9  seq. PLAINTIFF brings this action on his own behalf, and on behalf of all persons within the class

10 defined.

11         2.      Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5

12 because the PLAINTIFF is informed and believes the defendant maintains a regional headquarters

13 for the State of California in the County of Orange.

14             **CLASS AND/OR REPRESENTATIVE ACTION DEFINITION**

15         3.      The PLAINTIFF CLASS (the "CLASS") consists of all California residents who are

16 current and former employees of Nordstrom, who held any hourly, non-exempt position, and are or

17 were employed in the State of California by Nordstrom who:

18         (a)     Worked seven or more consecutive days during the period commencing on

19                 the date that is within one year prior to the filing of this complaint through

20                 the present date, in violation of the applicable California Labor Code and

21                 Industrial Welfare Commission Wage Order Requirements ("CLASS A"),

22                 and/or;

23         (b)     Worked a "split shift" on any given day and who were not paid the "split

24                 shift" compensation required pursuant to the applicable Cal. Lab. Code and

25                 Industrial Welfare Commission Wage Order Requirements during the period

26                 commencing on the date that is within four years prior to the filing of this

27                 complaint and through the present date ("CLASS B").

28 To the extent equitable tolling operates to toll claims by the CLASS against Defendant, the

---

2

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF**

1   Class Periods should be adjusted accordingly.  The CLASS includes all such persons, whether or

2   not they were paid by commission, by salary, or by part commission and part salary.

3   <u>**CLASS ALLEGATIONS**</u>

4      4.      PLAINTIFF, at all material times mentioned herein, alleges:

5      4.1.    PLAINTIFF CHRISTOPHER MENDOZA is and was;

6              (a) An individual who resides in the County of San Diego, California;

7              (b) Employed as a "Barista" then later as a "Sales Representative" for defendant

8      Nordstrom in the County of San Diego;

9              (c) Worked seven or more consecutive days on at least three separate occasions;

10             (d) Did not receive compensation for working "split shifts"; and,

11             (e) Is a member of the CLASS as defined in this Complaint.

12     5.      This Class Action meets the statutory prerequisites for the maintenance of a Class

13     Action as set forth in California Code of Civil Procedure § 382, in that:

14             (a)      The persons who comprise the CLASS are so numerous that the joinder of all such

15     persons is impracticable and the disposition of their claims as a class will benefit the parties and the

16     Court;

17             (b)      Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

18     raised in this Complaint are common to the CLASS and will apply uniformly to every member of

19     the CLASS, and as a practical matter be dispositive of interests of the other members not party to

20     the adjudication or substantially impair or impede their ability to protect their interests.

21             (c)      The parties opposing the CLASS have acted or refuse to act on grounds generally

22     applicable to the CLASS, thereby making appropriate final injunctive relief or corresponding

23     declaratory relief with respect to the CLASS as a whole; and

24             (d)      Common questions of law and fact exist as to the members of the CLASS and

25     predominate over any question affecting only individual members, and a Class Action is superior

26     to other available methods for the fair and efficient adjudication of the controversy, including

27     consideration of

28             1) The interests of the members of the CLASS in individually controlling the

3

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE**
**RELIEF**

1   prosecution or defense of separate actions;

2      2) The extent and nature of any litigation concerning the controversy already

3   commenced by or against members of the CLASS;

4      3) The desirability or undesirability of concentrating the litigation of the claims in

5   the particular forum; and

6      4) The difficulties likely to be encountered in the management of a Class Action.

7     6.   This Court should permit this action to be maintained as a Class Action pursuant to

8   California Code of Civil Procedure § 382 because:

9      (a)   The questions of law and fact common to the CLASS predominate over any

10   question affecting only individual members;

11      (b)   A Class Action is superior to any other available method for the fair and efficient

12   adjudication of the claims of the members of the CLASS;

13      (c)   The members of the CLASS are so numerous that it is impractical to bring all

14   members of the CLASS before the Court;

15      (d)   PLAINTIFF, and the other CLASS members, will not be able to obtain effective

16   and economic legal redress unless the action is maintained as a Class Action;

17      (e)   There is a community of interest in obtaining appropriate legal and equitable relief

18   for the common law and statutory violations and other improprieties, and in obtaining adequate

19   compensation for the damages and injuries which Nordstrom's actions have inflicted upon the

20   CLASS;

21      (f)   There is a community of interest in ensuring that the combined assets and available

22   insurance of Nordstrom is sufficient to adequately compensate the members of the CLASS for the

23   injuries sustained;

24      (g)   Nordstrom has acted or refused to act on grounds generally applicable to the

25   CLASS, thereby making final injunctive relief appropriate with respect to the CLASS as a whole.

26                    **DEFENDANTS**

27     7.   PLAINTIFF is informed and believes, and thereupon alleges that at all times

28   mentioned herein, defendants, Nordstrom, and DOES 1 through 100, were and are, corporations

<div align="center">4</div>

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE<br>RELIEF</div>

1  licensed to do business and actually doing business in the State of California.  Defendants own and
2  operate an industry, business and establishment in numerous separate geographic locations within
3  the State of California, including, but not limited to the County of Orange for purposes of
4  providing retail merchandise to the general public.  Thus, defendants are subject to the applicable
5  Cal. Lab. Codes; California Business and Professions Code § 17200 et seq., (Unfair Practices Act)
6  and the applicable wage order(s) issued by the Industrial Welfare Commission of the State of
7  California.

8      8.      The  true  names  and  capacities,  whether  individual,  corporate,  subsidiary,
9  partnership, associate or otherwise of defendant DOES 1 through 100, inclusive, are unknown to
10  the PLAINTIFF who therefore sues these defendants by such fictitious names pursuant to Cal. Civ.
11  Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names
12  and capacities of DOES 1 through 100, inclusive, when they are ascertained.

13     9.      At all times herein mentioned, each of said defendants participated in the doing of
14  the acts hereinafter alleged to have been done by the named defendants; and furthermore, the
15  defendants, and each of them, were the agents, servants and employees of each and every one of
16  the other defendants, as well as the agents of all defendants, and at all times herein mentioned,
17  were acting within the course and scope of said agency and employment.

18     10.      At all times mentioned herein, the defendants, and each of them, were members of,
19  and engaged in, a joint venture, partnership and common enterprise, and acting within the course
20  and scope of said agency and employment.

21     11.      At all times herein mentioned, the acts and omissions of various defendants, and
22  each of them, concurrently contributed to the various acts and omissions of each and every one of
23  the other defendants in proximately causing the wrongful conduct, harm and damages alleged
24  herein.

25     12.      At all times herein mentioned, defendants, and each of them, approved of, condoned
26  and/or otherwise ratified each and every one of the acts or omission complained of herein. At all
27  times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions
28  of each and every one of the other defendants thereby proximately causing the damages as herein

<div align="center">5</div>

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE<br>RELIEF</div>

1    alleged.

2    ## THE CONDUCT

3       13.    PLAINTIFF CHRISTOPHER MENDOZA was employed by defendant Nordstrom

4    in the State of California from approximately April 2007 until approximately August 2009.  Mr.

5    MENDOZA was employed by defendant first as a "Barista" from approximately April 2007 until

6    approximately April 2009 when he became a "Sales Representative" for defendant.  Mr.

7    MENDOZA held that position until the end of his employment for defendant on or about August

8    14, 2009.

9       13.1    In his capacity as a "Barista", his primary responsibilities included customer

10   service, food and/or drink handling and basic sanitation duties.  Likewise, in his capacity as a

11   "Sales Representative", his primary responsibilities included selling fine fragrances, assisting

12   customers through merchandise returns, cashiering, and general customer service.    Mr.

13   MENDOZA, like all other "Baristas" and "Sales Representatives" for defendant was classified as

14   non-exempt from the payment of overtime.

15      13.2.    During the course of his employment, Mr. MENDOZA was required to work

16   unusual workweeks.  For example, Nordstrom, when giving an employee the first two days of the

17   work week off, would require the employee to work the remaining five days of the first work week,

18   plus several days of the next work week without a rest day in between.  As a result of these

19   requirements, employees are required to work between approximately seven and ten consecutive

20   days.  PLAINTIFF is informed and believes that working seven or more consecutive days for

21   Nordstrom is a requirement of not just "Baristas" and/or "Sales Representatives" but all other

22   hourly, non-exempt employees of Nordstrom as well.

23      13.3.    Additionally, during the course of Mr. MENDOZA's employment for the defendant,

24   Mr. MENDOZA was frequently required to appear at defendant's premises for mandatory

25   meetings, sales seminars, and training.  On those days, Mr. MENDOZA was frequently required to

26   appear again (in some instances, several hours later) at defendant's premises to work his regularly

27   scheduled shift.  Despite working split shifts, it is the policy of defendant not to compensate Mr.

28   MENDOZA and other members of the CLASS the split shift compensation required by the

                                                    6

1   applicable Cal. Lab. Code and Industrial Welfare Commission Wage Order Requirements.

2   ### FIRST CAUSE OF ACTION

3   ### FOR PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS

4   ### GENERAL ACT ("PAGA") CAL. LAB. CODE § 2699 *ET SEQ*. FOR VIOLATION OF

5   ### CAL. LAB. CODE § 551 AND 552

6   **(By CLASS A and against all Defendants)**

7   14.   PLAINTIFF, and the other members of CLASS A, reallege and incorporate by this

8   reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

9   15.   Cal. Lab. Code § 2698-2699, The Labor Code Private Attorneys General Act of

10   2004, expressly establishes that any provision of the Cal. Labor Code which provides for a civil

11   penalty to be assessed and collected by the Labor and Workforce Development Agency

12   ("LWDA"), or any of its departments, divisions, commissions, boards agencies or employees for a

13   violation of the Cal. Lab. Code, may be recovered through a civil action brought by an aggrieved

14   employee on behalf of himself or herself, and other current or former employees.

15   16.   Whenever the LWDA, or any of its departments, divisions, commissions, boards,

16   agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized

17   to exercise the same discretion, subject to the same limitations and conditions, to assess a civil

18   penalty.

19   17.   PLAINTIFF, and the other members of CLASS A are "aggrieved employees" as

20   defined by Cal. Lab. Code § 2699 in that they are all current or former employees of Defendant's,

21   and one or more of the alleged violations was committed against them.

22   18.   PLAINTIFF and the other members of CLASS A assert all applicable claims in this

23   Complaint against Defendant on behalf of all aggrieved employees in their capacity as private

24   attorneys general, and seek all statutory penalties available under the Cal. Lab. Code.

25   19.   Pursuant to Cal. Lab. Code § 2699 PLAINTIFF, individually, and on behalf of all

26   aggrieved employees, request and are entitled to recover from Defendant interest, attorney's fees

27   and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as all statutory penalties against

28   Defendant, including but not limited to:

7

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE
RELIEF

(a)     Where penalties are not already specified in the applicable provision of the Cal. Lab. Code, penalties under Cal. Lab. Code § 2699 in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(b)     Penalties under Cal. Code of Regs. Title 8 set forth in the applicable Wage Order, in the amount of $50 for each aggrieved employee per pay period for an initial violation, and $100 for each aggrieved employee per pay period for each subsequent violation;

(c)     Because PLAINTIFF and the other members of CLASS A regularly worked seven consecutive days, penalties under Cal. Lab. Code § 558 in the amount of $50 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages for the initial violation, and $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages for each subsequent violation; and,

(d)     Any and all additional penalties and sums as provided by the Cal. Lab. Code and/or other statutes.

20.     In addition thereto, PLAINTIFF seeks and is entitled to have 75% of all recovered penalties allocated to the LWDA and 25% to the aggrieved employees.

21.     Further, PLAINTIFF is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 2699 and any other applicable statute.

22.     PLAINTIFF has complied with the notice requirements of Cal. Lab. Code §2699.3(a)(1) prior to commencing this action. A letter was sent to the California Labor and Workforce Development Agency on November 17, 2009, via certified mail, and copied to Nordstrom on the same date, via certified mail, in accordance with Cal Lab. Code § 2699.3(a)(1).

23.     Thus far, the Labor & Workforce Development Agency has not responded to the notice given pursuant to Cal. Lab. Code § 2699.3(a)(I), and under Cal. Lab. Code §

8

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1    2699.3(a)(2)(a), PLAINTIFF may pursue his claims under Cal Lab. Code § 2699.3.

2                    **SECOND CAUSE OF ACTION**

3             **RECOVERY OF UNPAID SPLIT SHIFT WAGES**

4                 **(By CLASS B and against all Defendants)**

5         24.     PLAINTIFF, and the other members of CLASS B, reallege and incorporate by this

6    reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

7         25.     Cal. Lab. Code § 204 establishes the fundamental right of all employees in the State

8    of California to be paid wages in a timely fashion for their work.

9         26.     IWC Wage Order No. 2 §4(A) states in pertinent part: "Every employer shall pay to

10   each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours

11   worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours

12   worked, effective January 1, 2008..."

13        27.     IWC Wage Order No. 2 §4(C) states: "When an employee works a split shift, one

14   (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that

15   workday, except when the employee resides at the place of employment."

16        28.     The members of CLASS B did not reside at their place of employment.

17        29.     The pattern and practice in uniform administration of corporate policy regarding

18   Defendant's failure to pay the legal split shift wage to the members of CLASS B as described

19   herein is unlawful and creates entitlement, pursuant to Cal. Lab. Code § 1194(a), to recovery by the

20   members of CLASS B, in a civil action, for the unpaid balance of the full amount of the unpaid

21   split shift wages owed, calculated as one (1) hour's pay at the minimum wage, including interest

22   thereon.

23        30.     Pursuant to IWC Wage Order No. 2 §20(A) which provides that "[i]n addition to

24   any other civil penalties provided by law, any employer or any other person acting on behalf of the

25   employer who violates, or causes to be violated, the provisions of this order, shall be subject to (a)

26   civil penalty..." and "The affected employee shall receive payment of all wages recovered"

27   (§20(A)(3)), the members of CLASS B seek recovery of applicable compensation as follows:

28           (a)     Pursuant to IWC Wage Order No. 2 §20(A)(1), for any initial violation, fifty

<div align="center">9</div>

dollars ($50.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages; and

    (b)    Pursuant to IWC Wage Order No. 2 §20(A)(2), for each subsequent violation, one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.

31.    Pursuant to Cal. Lab. Code §§ 218.6 and 1194(a) and Cal. Civ. Code §§ 3287(b) and §3289, the members of CLASS B seek recovery of pre-judgment interest on all amounts recovered herein.

32.    Pursuant to Cal. Lab. Code § 1194(a), the members of the CLASS request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### THIRD CAUSE OF ACTION

### FOR FAILURE TO ITEMIZE PAY STATEMENTS

### [Cal. Lab. Code § 226]

### (By CLASS B and against all Defendants)

33.    PLAINTIFF, and the other members of CLASS B, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

34.    Cal. Lab. Code § 226 provides:

    (a)    Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four

10

digits of his or her social security number or an existing employee identification number other than a social security number may be shown on the check, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b)   An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c)   An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but not later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by or a result of a violation of the law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An employer may designate the person to whom a request under this subdivision will be made.

(d)   This section does not apply to any employer of any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant.

(e)   An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f)   A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g)   An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an aware of costs and reasonable attorney's fees.

35.   Defendant has failed to maintain the records required by Cal. Lab. Code § 226

11

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

1  making it more difficult for PLAINTIFF and the other members of CLASS B to establish all actual

2  wages due from Defendant over the Class Period.

3      36.     Accordingly, PLAINTIFF and the other members of CLASS B may be prejudiced

4  in their ability to establish the total amount of their actual damages.

5      37.     Therefore, PLAINTIFF and the other members of CLASS B seek the remedy set

6  forth in Cal. Lab. Code § 226(e).

7                          **FOURTH CAUSE OF ACTION**

8              **FOR FAILURE TO TIMELY PAY WAGES UPON TERMINATION**

9                       **[Cal. Lab. Code §§ 201, 202, and 203]**

10                       **(By CLASS B and against all Defendants)**

11     38.     PLAINTIFF, and the other members of CLASS B, reallege and incorporate by this

12  reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

13     39.     Cal. Lab. Code § 201 requires Nordstrom to pay any wages immediately, without

14  abatement or reduction, to any employee who is discharged.  For violation of Cal. Lab. Code § 201,

15  Cal. Lab. Code § 203 causes the unpaid wages of the employee to continue as a penalty from the

16  due date thereof at the same rate until paid or until an action therefore is commenced, but the

17  wages shall not continue for more than 30 days.

18     40.     On or about August 14, 2009, PLAINTIFF's employment with Nordstrom ended.

19  At the time of the separation of employment, Nordstrom did not provide PLAINTIFF with all

20  wages due and owing, including all split shift wages, by the time specified by Cal. Lab. Code § 201

21  if the separation is considered a termination or by the time specified by Cal. Lab. Code § 202 in the

22  event the separation is considered a resignation.  Consequently, pursuant to Cal. Lab. Code § 203,

23  Defendants owe PLAINTIFF and any similarly situated aggrieved current and former employees

24  (that is, who did not receive payment by the time required by Cal. Lab. Code §§ 201 or 202) the

25  above-described waiting time penalty, all in an amount to be shown according to proof at trial and

26  within the jurisdiction of this Court.

27  ///

28  ///

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE
RELIEF

## FIFTH CAUSE OF ACTION

## FOR UNLAWFUL BUSINESS PRACTICES

### (By the CLASS and against all Defendants)

41.   PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

42.   Nordstrom is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

43.   Cal. Bus. and Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

44.   At all times relevant hereto, by and through the conduct described herein, Nordstrom has engaged in unfair and unlawful practices by among other things, failing to pay PLAINTIFF and the other members of CLASS B, split shift compensation, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code § 17200 et seq., and has thereby deprived PLAINTIFF, and the other members of CLASS B, of fundamental rights and privileges.

45.   By and through the unfair and unlawful business practices described herein, Nordstrom has obtained valuable property, money, and services from the PLAINTIFF, and the other members of CLASS B, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

46.   All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 et seq.

47.   PLAINTIFF, and the other members of CLASS B, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which PLAINTIFF, and other members of CLASS B, have been deprived, by means of the above described unfair and unlawful business practices.

13

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

48.     PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining Nordstrom from engaging in any of the above described unfair and unlawful business practices in the future.

49.     PLAINTIFF, and the other members of the CLASS, has no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Nordstrom.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in these unfair and unlawful business practices. In addition, Nordstrom should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of CLASS B.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

### FIRST CAUSE OF ACTION

1.     For the maximum civil penalty specified in Cal Lab. Code § 558, in the amount of fifty dollars ($50) for PLAINTIFF and each aggrieved member of CLASS A per pay period for the initial violation and one hundred dollars ($100) for PLAINTIFF and each aggrieved member of CLASS A per pay period for each subsequent violation for the applicable statute of limitations prior to the filing of this Complaint until the date of compliance with the law, or for statutory penalties pursuant to Cal, Lab. Code § 2699., whichever is applicable;

2.     For attorneys' fees and costs;

### SECOND CAUSE OF ACTION

3.     That the Court determines that this action may be maintained as a class action;

4.     For recovery of one (1) hour's pay at the minimum wage for each workday that split shift was worked, according to proof;

5.     For prejudgment interest as allowed by Cal Lab. Code §§ 218.6 and 1194(a) and Cal. Civ. Code §§ 3287(b) and 3289 and Cal. Civ. Proc. Code §1021.5;

14

### THIRD CAUSE OF ACTION

6.      For damages according to proof, as set forth in Cal. Lab. Code § 226(e), regarding wage statement violations;

7.      For penalties pursuant to Cal. Lab. Code  § 226(e) which states fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee.

8.      For reasonable attorney's fees, and costs as provided by Cal. Lab. Code §226(e).

### FOURTH CAUSE OF ACTION

9.      For damages according to proof, as set forth in Cal. Lab. Code § 226(e), regarding wage statement violations;

10.     For penalties pursuant to Cal. Lab. Code  § 226(e) which states fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee;

11.     For reasonable attorney's fees, and costs as provided by Cal. Lab. Code § 226(e).

### FIFTH CAUSE OF ACTION

12.     For the wages of all terminated employees of CLASS B as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, for violation of Cal. Lab. Code § 203;

13.     For reasonable attorney's fees, and costs as provided by Cal. Lab. Code § 203;

### SIXTH CAUSE OF ACTION

14.     For an order preliminarily and permanently enjoining defendants from engaging in the practices challenged herein;

15.     An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and or/converted by the Defendants by means of the unfair practices complained of herein. Plaintiffs seek the appointment of a receiver, as necessary. The restitution includes all monies retained as wages, all waiting time penalties as defined in Labor

15

1   Code §201, §202, §510, and §1194, prejudgment interest, and attorneys fees as a result of the

2   unfair business practices;

3       16.    For an order finding and declaring that defendants' acts and practices as challenged

4   herein are unlawful, unfair and/or fraudulent;

5       17.    For an accounting, under administration of the PLAINTIFF and subject to Court

6   Review, to determine the amount to be returned by defendants and the amounts to be refunded to

7   members of CLASS B.

8       18.    For an order requiring defendants to make full restitution and payment pursuant to

9   Cal. Lab. Code §§ 201, 202, 510, and 1194;

10      19.    For all other appropriate declaratory and equitable relief;

11      20.    For pre-judgment interest to the extent permitted by law;

12      21.    For an award of attorney's fees, costs, and expenses incurred in the investigation,

13   filing and prosecution of this action pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Bus. and Prof.

14   Code § 17200 et seq., Cal. Lab. Code § 1194 and any other applicable provision of law;

15                          **ALL CAUSES OF ACTION**

16      22.    For such other and further relief as the Court deem just and proper.

17

18   Dated: December 2-2, 2009                    **CLARK & MARKHAM, LLP**

19                                               By:

20                                                    David R. Markham
                                                      *Attorney for Plaintiff*

21                          **DEMAND FOR JURY TRIAL**

22       PLAINTIFF demands a jury trial on issues triable to a jury.

23

24   Dated: December 2.2, 2009                    **CLARK & MARKHAM, LLP**

25                                               By:

26                                                    David R. Markham
                                                      *Attorney for Plaintiff*

27

28

                                        16
   CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE
                                      RELIEF

BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Laura M. Cotter, Clark & Markham LLP | |
| 600 B Street, Suite 2130, San Diego, CA 92101 | |
| Telephone No.: (619) 239-1321    Fax No. (Optional): (619) 239-5888 | |
| E-Mail Address (Optional): lcotter@clarkmarkham.com | |
| ATTORNEY FOR *(Name):* Plaintiff    Bar No: 259445 | |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 22 2009

ALAN CARLSON, Clerk of the Court

BY _____ R. VAVRA _____ DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Christopher Mendoza

DEFENDANT / RESPONDENT: Nordstrom, Inc.

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE** | CASE NUMBER: 30-2009 |
|---|---|
| *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | DEPT: 00319491 |
| | JUDGE JUDGE THIERRY PATRICK C |
| | STATUS CONFERENCE DATE: DEPT. CX104 |

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes ____  No ✓

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes ____  No ✓

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes ____  No ✓

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes ____  No ✓

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes ____  No ✓

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

December 22, 2009
**DATE**

*Laura M. Cotter*
**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

Superior Court of California
County of Orange

**CIVIL COMPLEX CENTER**
**751 W. Santa Ana, Blvd., Santa Ana, CA 92701 (PO BOX 22028 92702-2028)**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|---|---|---|---|---|---|
| CX101 | Velasquez (657) 622-5301 | Tuesdays 1:30 P M ("Foreclosure" cases only) <br><br> Thursdays 1:30 P.M. * | M - F, 1:30 P M | Noon, day before ex parte hearing | 10:00 a m., day of ex parte hearing |
| CX102 | Andler (657) 622-5302 | Thursdays, 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 am, day before ex parte hearing <br><br> Ex parte papers shall be lodged directly in dept. CX102 and not filed with the clerk's office unless otherwise ordered by the court. | 12:00 p.m., day before ex parte hearing; opposition must be in writing |
| CX103 | Bauer (657) 622-5303 | Mondays, 10:30 A.M | Tu, Th 1:30 P M. | Noon, day before ex parte hearing | 10:00 a m, day of ex parte hearing |
| CX104 | Colaw (657) 622-5304 | Fridays 10:00 A.M * | M, T, W and F, 1:30 P.M. | 12:00 a m , day before ex parte hearing | 10:00a.m., day of ex parte hearing |
| CX105 | Stock (657) 622-5305 | Fridays, 9:00 A.M * | M - F, 1:30 P.M | 10:00 a m., day before ex parte hearing | 12:00 p m , day before ex parte hearing; opposition must be in writing |

*Law and Motion Tentative Rulings are issued and posted on the Internet

1  The consideration of ex parte applications shall not interfere with or delay the trial in progress.  Requirements pursuant to California Rules of Court (CRC) 3.1200-3 1207 shall apply   All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application

Moving party shall submit on moving papers unless the Court invites oral argument   Moving papers must:

- Include a declaration of Notice of Ex Parte Hearing and a proposed order
- State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2  For information regarding fees or the Orange County Superior Court Local Rules, go to: http://www.occourts.org

3  Moving and responding parties shall be in the department at the appointed time   No check-ins will be received after the appointed time without good cause   There will be no second call.

4  Teleconference appearances are available through CourtCall, LLC at (310) 914-7884 or (888) 88-COURT  Teleconference appearance is voluntary and does not require consent of the other attorneys or parties in the case  The Court does, however, reserve the right to reject any request

5  The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record

6  The direct Fax filing number is (714) 568-5180.  Refer to Orange County Superior Court Local Rule 380  (Not applicable if for complex cases subject to the Electronic Filing Order.)

**PLAINTIFF SHALL SERVE A COPY OF THE COMPLEX GUIDELINES WITH THE SUMMONS AND COMPLAINT.**

Rev Dec 21, 2009

√ Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*.  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq*. All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (714) 568-4700. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

2

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible. To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided. The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings. A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer:** This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings:** Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3

   3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial Conference is not a substitute for the Issues Conference required by Local Rule 317.**

4

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. Use of the Court's Evidence Presentation Systems

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

5

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine.* It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions *in limine.* These are matters of common professional courtesy that should be accorded counsel in all trials. See, Kelly v. New West Federal Savings (1996) 49 Cal.App.4[th] 659,671.

6

## APPENDIX 1
## California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION  As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public  This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution

These are guidelines for civility.  The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation  The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice.  Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California  The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California  Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end.  The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities  They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines

SECTION 3  An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner  An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system  An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct

SECTION 5. An attorney should be punctual in appearing at trials, hearings  meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7  The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers

SECTION 8  Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided

7

SECTION 9  Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses  An attorney should not use discovery to delay the resolution of a dispute

SECTION 10.  An attorney should consider whether  before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute

SECTION 11.  It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants  An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility

SECTION 12.  In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13  An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14  To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15.  An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning

SECTION 16.  An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17  An attorney should respect the privacy rights of parties and non-parties

SECTION 18  An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision

SECTION 19  In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind

SECTION 20.  In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities  Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt  In practicing criminal law, an attorney should appreciate these roles

SECTION 21  Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate  in court proceedings

ATTORNEY'S PLEDGE.  I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines

(Rev. July 1, 2009)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint  Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise  Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
* Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
* Contact the Orange County Bar Association at (949) 440-6700
* Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
* Institute for Conflict Management (714) 288-5600
* Community Service Programs, Inc. (949) 851-3168
* Orange County Human Relations (714) 834-7198
* Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:          Fax No  (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:          Bar No:<br><br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W  Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92853-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street  Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify); _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

_____     _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

_____     _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)       (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                    California Rules of Court, rule 3 221
L1270 (Rev February, 2008)

EXHIBIT "B"

**CT Corporation**

**Service of Process Transmittal**
12/24/2009
CT Log Number 515919325

TO:   Pat Jones
      Nordstrom, Inc.
      1700 - 7th Avenue, Suite 700
      Seattle, WA 98101-4407

RE:   **Process Served in California**

FOR:  Nordstrom, Inc. (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christopher Mendoza, etc. on behalf of himself, and all other persons similarly situated, Pltf. vs. Nordstrom, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Questionnaire, Attachment(s), Notice, Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30200900330671 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Unpaid split shift wages - Failure to itemize pay statements - Failure to timely pay wages upon termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/24/2009 at 08:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Laura M. Cotter<br>Clark & Markham LLP<br>600 B Street<br>Suite 2130<br>San Diego, CA 92101<br>619-239-1321 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 790690751263 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "C"

1  JULIE A. DUNNE, Bar No. 160544
   LARA K. STRAUSS, Bar No. 222866
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA 92101.3577
   Telephone:    619.232.0441
5  Fax No.:      619.232.4302

6  Attorneys for Defendant
   NORDSTROM, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ORANGE

10 CHRISTOPHER MENDOZA, an            Case No.  30-2009 00330671
   individual, on behalf of himself, and all
11 other persons similarly situated,  CLASS AND REPRESENTATIVE ACTION

12              Plaintiff,
                                       DEFENDANT NORDSTROM, INC.'S
13      v.                             ANSWER TO PLAINTIFF'S COMPLAINT

14 NORDSTROM, INC., a Washington
   Corporation authorized to do business in
15 the State of California, and DOES 1   Judge: Hon. Thierry Patrick Colaw
   through 100, Inclusive,              Dept:  CX104
16
                Defendants.             Complaint Filed: December 22, 2009
17

18      Defendant Nordstrom, Inc. ("Nordstrom" or Defendant"), submits its answer to Plaintiff

19 Christopher Mendoza's Complaint as follows:

20                        **GENERAL DENIAL**

21      Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

22 Nordstrom denies generally and specifically each and every allegation contained in the Complaint.

23 In addition, Nordstrom denies that Plaintiff has sustained, or will sustain, any loss or damage in the

24 manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence

25 thereof, on the part of Nordstrom or anyone acting on its behalf.  Without conceding that it has the

26 burden of proof or persuasion, Nordstrom also asserts the following affirmative defenses.

27 / / /

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619 232 0441

1.

DEFENDANT NORDSTROM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Nordstrom alleges that the Complaint and each and every alleged cause of action therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Nordstrom alleges that the Complaint and each and every alleged cause of action therein is barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver and/or estoppel.

THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including without limitation numerosity, ascertainability, predominance, superiority, typicality, adequacy of both the proposed class representative and proposed class counsel, and Nordstrom further alleges that public policy considerations do not favor such a certification.

FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that Plaintiff lacks standing as a representative of the proposed class and cannot represent the putative class members.

FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that certification of a class and/or allowing the action to proceed with Plaintiff as a representative of the general public, as applied to the facts and circumstances of this case, would constitute a denial of Nordstrom's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Nordstrom reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

DEFENDANT NORDSTROM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred either in whole or in part by the statutes of limitations set forth in Code of Civil Procedure sections 338(a) and 340(a), Business and Professions Code section 17208 and any other applicable statute of limitations, as well as the limitations set forth in Labor Code section 203.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to Plaintiff's first cause of action, Nordstrom alleges that the nature of the work reasonably required work of seven or more consecutive days and Plaintiff and/or other putative class members received more than one day's rest in seven accumulated over the course of each calendar month.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to Plaintiff's first cause of action, Nordstrom alleges that Plaintiff and other putative class members were provided with the opportunity to take one day's rest in seven and that any occasion where they worked seven or more consecutive days was by his/their own choice.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to Plaintiff's first cause of action, Defendant alleges Plaintiff failed to adequately and properly exhaust administrative prerequisites necessary for him to have the legal ability to sue for penalties under the California Private Attorneys General Act of 2004, as amended.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to Plaintiff's first cause of action, Defendant alleges that Plaintiff and the putative class members do not qualify as aggrieved employees for purposes of the Private Attorneys General Act of 2004, as amended.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to Plaintiff's second and third causes of action for violation of split shift premium pay obligations and failure to provide accurate itemized wage

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

1  statements, Nordstrom alleges that Plaintiff and other putative class members were paid sufficiently

2  in excess of minimum wage such that no split shift premiums were owed.

3  <center>TWELFTH AFFIRMATIVE DEFENSE</center>

4      As a separate and distinct affirmative defense to Plaintiff's second and third causes of action

5  for violation of split shift premium pay obligations and failure to provide accurate itemized wage

6  statements, Nordstrom alleges that there is no private right of action for split shift premium pay.

7  <center>THIRTEENTH AFFIRMATIVE DEFENSE</center>

8      As a separate and distinct affirmative defense to Plaintiff's fourth cause of action, Nordstrom

9  alleges there exists a *bona fide* dispute as to whether any additional compensation is actually due to

10  Plaintiff or to any putative class member, and if so the amount thereof.

11  <center>FOURTEENTH AFFIRMATIVE DEFENSE</center>

12      As a separate and distinct affirmative defense to Plaintiff's fourth cause of action, Nordstrom

13  alleges that, even if Plaintiff or any putative class member is entitled to any additional compensation,

14  which Nordstrom denies, it has not willfully or intentionally failed to pay any such additional

15  compensation to Plaintiff or any putative class member to justify an award of penalties or fees,

16  whether under California Labor Code section 203 or otherwise.

17  <center>FIFTEENTH AFFIRMATIVE DEFENSE</center>

18      As a separate and distinct affirmative defense to Plaintiff's fourth cause of action, Nordstrom

19  alleges that Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties

20  under Labor Code section 203 to the extent that any person claiming such penalties did not resign or

21  was not discharged prior to the filing of this action, or was employed by Nordstrom at the time this

22  action was filed.

23  <center>SIXTEENTH AFFIRMATIVE DEFENSE</center>

24      As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that the

25  claims asserted are barred to the extent Plaintiff and/or putative class members released the claims

26  and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the

27  Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

<center>4.</center>

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2        As a separate and distinct affirmative defense, Nordstrom alleges that Plaintiff's fifth claim

3   for unfair business practices under California Labor Code section 17200 *et. seq.* is barred because

4   even if Plaintiff suffered any injury, which Nordstrom denies, it was not caused by any unlawful

5   policy, custom, practice, procedure, act or omission promulgated and/or tolerated by Nordstrom,

6   and, to the extent any such practice was engaged in, which Nordstrom denies, such practice is not

7   continuing.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

9        As a separate and distinct affirmative defense, Nordstrom alleges that Plaintiff's Complaint

10   cannot be maintained against Nordstrom because any alleged losses or harms sustained by Plaintiff

11   and any putative class members, if any, which Nordstrom denies, resulted from causes other than

12   any act or omission, if any, by Nordstrom.

13

## NINETEENTH AFFIRMATIVE DEFENSE

14        As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that any

15   recovery by Plaintiff and/or any putative class member(s) is limited in whole or in part by their

16   failure and/or refusal to mitigate their purported damages, if any, which Nordstrom denies.

17

## TWENTIETH AFFIRMATIVE DEFENSE

18        As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that any

19   recovery by Plaintiff and/or any putative class member(s) is barred in whole or in part by the

20   avoidable consequences doctrine.

21

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22        As a separate and distinct affirmative defense to the Complaint, Nordstrom alleges that

23   Plaintiff and/or the putative class members are not entitled to equitable relief insofar as they have

24   adequate remedies at law and are not entitled to any relief with respect to any and all alleged

25   violations of California Business and Professions Code section 17200, *et seq.* that have discontinued,

26   ceased and are not likely to recur.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 500
San Diego, CA 92101-3577
619.232.0441

5.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Nordstrom alleges that, even if, Plaintiff and/or the putative class members are entitled to any compensation as a result of the Complaint and each cause of action set forth therein, any such compensation must be setoff in an amount equal to the amount(s) recovered by or previously paid to Plaintiff and/or putative class members for the same or similar claims asserted in any related cases, so as to prevent unjust enrichment of Plaintiff and the putative class members.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Nordstrom alleges that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Nordstrom to recovery of its reasonable attorney's fees.

## ADDITIONAL DEFENSES

Nordstrom does not presently know all facts respecting conduct by Plaintiff and/or the putative class members sufficient to state all affirmative defenses at this time.   Accordingly, Nordstrom reserves the right to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Nordstrom prays that:

1.     The Court dismiss the Complaint in its entirety with prejudice and that Plaintiff and/or putative class members take nothing by way of the Complaint;

2.     The Court enter judgment against Plaintiff and in favor of Nordstrom.

3.     The Court award Nordstrom's costs of suit and reasonable attorneys' fees incurred herein; and

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619 232 0441

6.

DEFENDANT NORDSTROM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

4.      The Court award Nordstrom such other and further relief as it deems appropriate.

Dated: January 25, 2010

_____
JULIE A. DUNNE
LARA K. STRAUSS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NORDSTROM, INC.

Firmwide:93538173.1 058713.1017

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

*CHRISTOPHER MENDOZA v. NORDSTROM, INC., et al.*
Orange County Superior Court Case No.  30-20009 00330671

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. On January 25, 2010, I served the within document(s):

**DEFENDANT NORDSTROM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **FACSIMILE:** by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 619.232.4302. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ **U.S. MAIL:** by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Diego, California addressed as set forth below.

☐ **OVERNIGHT DELIVERY:** by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☒ **PERSONAL SERVICE:** by causing a copy of the document(s) listed above to the person(s) at the address(es) set forth below to be personally delivered by Nationwide Legal Inc.

David R. Markham, Esq.                          Attorneys for Plaintiff
CLARK & MARKHAM LLP                      CHRISTOPHER MENDOZA
600 B Street, Suite 2130
San Diego, CA 92101
Tel: (619) 239-1321          Fax: (619) 239-5888
Email: staff@clarkmarkham.com

Following ordinary business practices, the envelope was I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:93777281.1 058713.1017                          2.

1   overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office

2   on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

3        I declare under penalty of perjury under the laws of the State of California that the above is

4   true and correct. Executed on January 25, 2010, at San Diego, California.

5

6                     Colleen Monahan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:93777281.1 058713.1017             3.

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 109 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**COPY**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHRISTOPHER MENDOZA, an individual, on behalf of himself, and all other persons similarly situated

**DEFENDANTS**
NORDSTROM, INC., a Washington Corporation authorized to do business in the State of Califorani, and DOES 1 thoguh 100, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David R. Markham, Esq.   (staff@clarkmarkham.com)
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
(619) 239-1321

Attorneys (If Known)
Julie A Dunne, Esq. (jdunne@littler.com)
Lara K. Strauss, Esq. (lstrauss@littler.com)
LITTLER MENDELSON
501 West Broadway, Suite 900
San Diego, CA 92101
(619) 232-0441

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332(d), 1441, 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: **SACV10-00109**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

V-71 (05/08)  CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| *San Diego* | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | *Washington* |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| *San Diego* | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *[signature]*            Date  January 25, 2010

Lara K. Strauss

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

V-71 (05/08)

### CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com