# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MENDOZA, an individual, on behalf of himself, and all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC., a Washington Corporation authorized to do business in the State of California, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.: SACV 10-00109-CJC(MLGx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND THE ANSWER AND DENYING THE PARTIES' THREE MOTIONS FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Christopher Mendoza brought this suit against Defendant Nordstrom, Inc. ("Nordstrom"). The only remaining claim in the case is now a claim under California's Private Attorney General Act ("PAGA") for violations of California Labor Code Sections 551 and 552. Nordstrom has filed two motions for summary judgment in its favor, one against Mr. Mendoza, and one against Plaintiff-Intervenor Megan Gordon (collectively, "Plaintiffs"), as well as a motion for leave to amend its

answers to add additional affirmative defenses. Mr. Mendoza has also filed a motion for summary judgment. For the following reasons, Nordstrom's motion for leave to amend its answers is DENIED and the parties' three motions for summary judgment are DENIED.

### III.  ANALYSIS

#### A.  Leave to Amend

Federal Rule of Civil Procedure 15 provides that after a party has been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Despite the liberal policy in favor of granting leave to amend, whether leave to amend should be granted generally is determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Undue delay is a valid reason for denying leave to amend. *Id.* Prejudice to the opposing party also is an important factor for courts to weigh. *Id.* A party may establish prejudice when a plaintiff seeks amendment late in the case after significant discovery has been completed and when a motion for summary judgment is pending. *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 797 (9th Cir. 1981).

Nordstrom's request for leave to amend to add the affirmative defenses that PAGA is unconstitutional because it violates the principle of separation of powers, the Eighth Amendment excessive fines clause, equal protection, and the supremacy clause is DENIED as untimely and unfair to Plaintiffs and the Court. All of the defenses are facial Constitutional challenges to PAGA that were available to Nordstrom when the case was filed initially on December 22, 2009. The defenses should and could have been raised by Nordstrom in its initial answers filed on January 25, 2010 and May 11, 2010. At the

latest, Nordstrom was aware of the facts and circumstances giving rise to these defenses, particularly the fact that Plaintiffs would pursue only a PAGA claim without having to meet the certification requirements of Federal Rule of Civil Procedure 23, on August 2, 2011, when the Court issued its order declaring that the case could proceed without such requirements being met.  (Dkt. No. 123.)  Indeed, Nordstrom's explanations for the delay only provide reasons for said delay up until August 2, 2011.  Nordstrom fails to provide any reason for its additional delay in seeking leave to add these defenses from August of 2011 until March of 2012, an additional period of approximately eight months during which Plaintiffs and the Court expended immense amounts of time, expense, and effort in discovery and law and motion.  Requiring Plaintiffs to respond to these new legal defenses and incur additional time, energy and expense one month before trial would be unfair and prejudicial.[1]  Moreover, Nordstrom improperly filed its motion for summary judgment against Mr. Mendoza based on these defenses concurrently with its motion for leave to amend, despite the fact that the Court had not yet permitted amendment.  This simultaneous filing forced Mr. Mendoza to incur the time, expense, and effort of challenging the defenses at the same time that Mr. Mendoza challenged the propriety of the amendment.  Nordstrom then, disingenuously, argues that, because of its simultaneous filing tactic, Mr.Mendoza was not prejudiced because he already responded to the summary judgment motion.  The Court simply cannot award such gamesmanship.  Nordstrom has waited too long to seek leave to amend.

**B. Summary Judgment**

Summary judgment is proper if the evidence before the Court "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

---

[1] The Court recognizes that Ms. Gordon's response joining in Mr. Mendoza's opposition to Nordstrom's motion for leave to amend was technically one day late.  However, the Court will allow Ms. Gordon's joinder as Nordstrom has not demonstrated it was prejudiced in any way by the late joinder.

matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp.*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

In light of the Court's denial of Nordstrom's motion for leave to amend the answer, Nordstrom's motion for summary judgment, insofar as it is based on the affirmative defenses Nordstrom sought to add by amendment, must be DENIED. The motion is also DENIED as to the affirmative defense that the Court's imposing retroactive relief would violate due process. Genuine issues of material fact remain as to whether Nordstrom reasonably relied on an earlier interpretation of California law regarding the one day's rest in seven rule that was different from that the Court set forth in its May 13, 2011 order. (*See* Dkt. No. 48.) Nordstrom's motion for summary judgment against Ms. Gordon is also DENIED because a genuine dispute of material fact remains involving whether Ms. Gordon's hours and days worked in the relevant period gave rise to any violations of one day's rest in seven statutes.

Mr. Mendoza's for summary judgment must also be DENIED because genuine issues of material fact remain as to whether any, and if so how many, violations of California Labor Code Sections 551 and 552 occurred.

## IV. CONCLUSION

For the foregoing reasons, Nordstrom's motion for leave to amend its answers is DENIED, Nordstrom's motions for summary judgment against Mr. Mendoza and Ms. Gordon are DENIED, and Mr. Mendoza's motion for summary judgment is DENIED.

DATED: May 2, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE